NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 903

ZOLTEK CORPORATION,

Plaintiff-Respondent,

v.

UNITED STATES,

Defendant,

v.

LOCKHEED MARTIN CORPORATION,

Defendant-Petitioner.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(d)(2) from the United States Court of Federal Claims in case no. 96-CV-166, Judge Edward J. Damich.

Before GAJARSA, PLAGER, and DYK, Circuit Judges.

GAJARSA, Circuit Judge.

## ORDER

Lockheed Martin Corporation petitions for permission to appeal an order certified by the United States Court of Federal Claims as one involving controlling issues of law as to which there are substantial grounds for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Zoltek Corporation opposes.

Zoltek owns certain patented methods for manufacturing carbon fiber sheets. Zoltek filed suit in the Court of Federal Claims against the United States, seeking

compensation pursuant to 28 U.S.C. § 1498 for the use of its patent in the manufacturer of the F-22 fighter plane. The United States had contracted with Lockheed to design and build the F-22, which included the use of certain fiber products. Lockheed had subcontracted the manufacturer of the fiber products to a company in Japan. In Zoltek Corp. v. United States, 442 F.3d 1345 (Fed. Cir. 2006), reh'g en banc denied, 464 F.3d 1335 (Fed. Cir. 2006), cert. denied, 127 S.Ct. 2936 (2007), this court held that the United States was immune from the suit under § 1498(c) because some of the steps were performed outside of the United States and because Zoltek could not sue the government for patent infringement as a Fifth Amendment taking.

On remand, Zoltek sought to amend its complaint to substitute the contractor, Lockheed, as the patent infringement defendant, and transfer the matter to the United States District Court for the Northern District of Georgia. The United States and Lockheed opposed, arguing that Lockheed was also immune from suit under § 1498, which provides immunity from suit for government contractors when the use or manufacturer of a patented invention is "for the Government and with the authorization or consent of the Government." On January 23, 2009, the Court of Federal Claims granted Zoltek's motion to amend its complaint. The court explained that pursuant to the plain language of § 1498, "when a claim arises in a foreign country, under § 1498(c), both the language provided for Government liability *and* the language insulating government contractors from patent infringement liability for the 'use' or 'manufacture' of an invention 'for' the government are rendered inapplicable." The court also held that there was no bar to transferring the case to the Northern District of Georgia because Lockheed's asserted immunity argument relates to an affirmative

defense, not an issue of jurisdiction. On February 18, 2009, the court issued an order granting Zoltek's motion to transfer the matter and added a statement certifying the order for interlocutory appeal.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is warranted. We understand that the grant of this petition brings before the court both the issue of whether the trial court should have transferred the case and whether the court should have allowed the complaint to be amended to add Lockheed as a defendant.

Accordingly,

IT IS ORDERED THAT:

(1)     The petition for permission to appeal is granted.

(2)     All pending motions are moot.

FOR THE COURT

SEP 3 0 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Richard T. Ruzich, Esq.
        Gary L. Hausken, Esq.
        Dean A. Monco, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 3 0 2009

JAN HORBALY
CLERK

2009-M903                                3